UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GE PROPERTY & CASUALTY
INSURANCE COMPANY, a
Pennsylvania corporation,

        NO. CIV. S 04-0131 MCE DAD

    Plaintiff,

  v.                      ORDER

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY, a Kansas
corporation,

    Defendant.

----oo0oo----

    On February 25, 2005, Plaintiff GE Property & Casualty Insurance Company ("GE") filed a motion for reconsideration of the Magistrate Judge's February 16, 2005 order granting Defendant Universal Underwriters Insurance Company's ("Universal") motion to compel.  For the reasons set forth below, GE's motion is DENIED.

    On a motion for reconsideration of a magistrate judge's ruling, the district court will set aside or modify any part of

1

the ruling that is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a) (2005); E.D. Cal. L.R. 72-303(f) (2005). A ruling is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395(1948)). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).

 First, it was not clearly erroneous for the Magistrate Judge to order production of documents responsive to Universal's Request For Production Numbers 1 and 14 ("1" and "14").[1]  It is evident from the papers submitted to the Court that both GE and Universal had raised issues with regard to 1 and 14.  See (Def.'s Req. for Prod. of Docs at 4:15, 6:3); (Def.'s Mot to Compel at 1:24, Ex. A); (Joint Statement at 7:27-8:5, 9:9-19, 10:4-7, 12:10); (Tr. of Proc. Before the Mag. Judge at 6:12, 6:16, 7:8, 11:2-3, 17:24, 18:4-5).  Based on the foregoing, and the fact that Plaintiffs did not present **any** case law in support of their argument in this regard, the Court is not "left with a definite and firm conviction" that the Magistrate Judge made a mistake by crafting an order responsive to the papers submitted to him. Anderson, 470 U.S. at 573.

 Further, the Magistrate Judge did not commit clear error or

---

[1] Request #1: "Your entire claim file(s) RELATING TO claim number M020195771-M13." Request #14: "ALL DOCUMENTS RELATING TO the decision to settle with Sean Morris in the UNDERLYING ACTION."  (Def.'s Req. for Prod. of Docs at 4:15, 6:3.)

2

act contrary to law in ordering GE to produce documents that constitute opinion work product.  The Magistrate Judge correctly noted the protections afforded to attorney work product and determined that the protections did not apply in this case. (Mag. Order at 6:13-8:13).  See Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992).[2]  The mere fact that Plaintiff disagrees with the Magistrate Judge's decision is inconsequential, particularly since this Court's own "clearly erroneous" standard of review does not extend to changing the Magistrate Judge's ruling on grounds it may have reached a different result.  See Anderson, 470 U.S. at 573.

Lastly, the Magistrate Judge did not commit clear error or act contrary to law by ordering GE to produce documents containing attorney-client communications.  Although GE contends that the cases cited by the Magistrate Judge are "clearly distinguishable" from the present case, that contention is incorrect.  (Pl's. Req. for Recons. at 22:11).  The propositions set forth by the Magistrate Judge **are** supported by the cases cited in the order.  See (Mag. Order at 3:4-6:4.)  In accordance with the cases cited, the Magistrate Judge set forth legal propositions and properly analyzed the facts of this case.  On the other hand, GE's motion provides only an inconsequential overview of the cases cited by the Magistrate Judge.  Thus, there is no evidence that the Magistrate Judge committed error or acted

---

[2] It is not this Court's job to overturn the Magistrate Judge simply because we might have weighed the various interests differently; instead, we must ascertain whether the order was contrary to law. Rivera v. Nibco, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

1  contrary to law.
2       Because this Court is not left with a definite and firm
3  conviction that the Magistrate Judge committed a mistake in
4  granting Universal's motion to compel, GE's motion for
5  reconsideration is DENIED.

7       IT IS SO ORDERED.

9  DATED: April 18, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE