MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
HANCOCK ROTHERT & BUNSHOFT LLP
4 Embarcadero Center, Third Floor
San Francisco, California 94111-4168
Telephone: (415) 981-5550
Facsimile: (415) 955-2599

Attorneys for Defendant and Counter-Claimant UNIVERSAL UNDERWRITERS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GE PROPERTY & CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Defendant. | CASE NO. CIV.S-04-0131 MCE/DAD<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF'S PRODUCTION OF DISPUTED DOCUMENTS** |

COME NOW plaintiff GE Property Casualty & Property Insurance Company ("Plaintiff") and defendant Universal Underwriters Insurance Company ("Defendant"), through their counsel, who stipulate as follows, subject to the approval of this Court:

1. Whereas, on February 16, 2005, over its duly stated objections, Plaintiff was ordered to produced additional documents, including its entire file for the claim at issue, to Defendant. Plaintiff sought reconsideration of the February 16, 2005 Order, and on April 18, 2005, Plaintiff's motion for reconsideration was denied.

2. Whereas, Plaintiff has produced most documents encompassed within the Orders of February 16, 2005 and April 18, 2005, but Plaintiff has declined to produce documents it has identified as relating to coverage counsel communication with respect to the underlying action. Plaintiff asserts that such documents are either protected by the attorney-client privilege or

attorney work-product doctrine and has advised Defendant that it will seek appellate review by the Ninth Circuit Court of Appeals to preserve the privileged and protected status of such documents. Defendant, on the other hand, has requested that Plaintiff comply with the Orders in full and produce all responsive documents.

3. To expedite production of the remaining documents relating to coverage counsel communications with respect to the underlying action and to avoid the need for immediate appellate review of the Orders, Plaintiff and Defendant have agreed that Plaintiff will produce to Defendant all remaining documents that it was ordered to produce to Defendant, including documents relating to coverage counsel communications concerning the underlying action. Each page of the remaining documents to be produced relating to coverage counsel communications concerning the underlying action shall be stamped "CONFIDENTIAL". Plaintiff shall not so mark any document that has already been produced to Defendant.

4. It is expressly agreed that Plaintiff is not waiving any claim of attorney-client privilege or work-product protection for documents relating to communications with coverage counsel and that Plaintiff and Defendant is estopped by Plaintiff's reliance on this stipulation from asserting that the fact of Plaintiff's production of documents designated "CONFIDENTIAL" has waived any privilege or protection.

5. Testimony taken at a deposition, conference, hearing or trial and relating to coverage counsel communications may be designated as confidential by Plaintiff by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or part from material designated as confidential (hereinafter "Confidential Material") shall be used solely for the purposes of this action and shall not be disclosed to any person or entity except the parties to the action and counsel working on behalf of any party to the action and such counsel's

paralegal, secretarial, and clerical employees.  By designating material as confidential under the terms of this order, Plaintiff is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule Civil Procedure 26(g).

       7.      Any document filed with the Court that contains Confidential Material shall be filed under seal.  The party filing such document with the Court shall place such filing in a sealed envelope or other appropriately sealed container on which shall be endorsed the title of the litigation, an indication of the nature of the contents of such sealed envelope or other container, the notation "CONFIDENTIAL, PROTECTED BY COURT ORDER," and a statement substantially in the following form:

> This envelope contains confidential information and is sealed pursuant to the [date] Order of the Court at the request of [requesting party].  It is not to be opened or the contents thereof to be displayed or revealed to any persons except by order of the Court or pursuant to consent of the parties claiming confidentiality.

Until further order of the Court, said envelope or container shall not be opened except by the Court or pursuant to consent of Plaintiff.

       8.      Counsel shall attempt to agree upon procedures to protect at any hearing the confidentiality of information designated "CONFIDENTIAL" and shall, prior to such hearing submit such proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use.

       9.      This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Other than as provided herein, nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation shall be deemed to have the effect of an admission or waiver by either party, or of altering the nature of any such documents or information, or of altering any existing obligation of any party or the absence thereof.

/ / /

/ / /

10. This Stipulation may be signed in counterparts.

IT IS SO STIPULATED:

DATED: May _, 2005									HANCOCK ROTHERT & BUNSHOFT LLP


By: _____
    Max H. Stern
Attorneys for Defendant and Counter-Claimant
UNIVERSAL UNDERWRITERS INSURANCE COMPANY

DATED: May _, 2005									LAW OFFICES OF NELSON, THOMPSON, PEGUE & THORNTON, P.C.


By: _____
    Carol J. Knoblow
Attorneys for Plaintiff GE PROPERTY & CASUALTY INSURANCE COMPANY


IT IS SO ORDERED:

DATED: May 20, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE